## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**JIMMY CHRIS McMULLIN**                                              **PLAINTIFF**
*ADC #656736*

**v.**                            **No: 2:26-cv-00050-BSM-PSH**

**APRIL L. BRANDON,** *et al.*                                       **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jimmy Chris McMullin, an inmate at the Arkansas Division of Correction's Varner Unit, filed a *pro se* complaint on April 1, 2026 (Doc. No. 2). His application to proceed *in forma pauperis* was granted (Doc. No. 3). At the Court's direction, he filed an amended complaint (Doc. No. 5). The Court has

reviewed McMullin's amended complaint and finds that his claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.

42 U.S.C. § 1983. McMullin alleges that defendant April L. Brandon falsely accused him of possessing a cell phone, resulting in a disciplinary conviction. Doc. No. 5 at 4-5. He says he was placed in isolation for thirty days where the temperature was the same as outdoors, and had his phone and visitation privileges suspended for one year as punishment. *Id.* at 5-6. For the reasons described below, the undersigned finds he fails to describe a viable claim for relief.

McMullin's allegation that Brandon caused him to receive a disciplinary based on false accusations is not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown*, 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (same).[1] Further, McMullin cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). McMullin was not deprived of life or property; accordingly, he must identify the deprivation of a liberty interest sufficient to sustain a due process challenge to his prison disciplinary proceeding. *Id.* at 847;

---

[1] *See also Daniels v. Ferguson*, 2008 WL 698485, *9 (W.D. Ark. March 13, 2008) ("To the extent Daniels contends his Due Process rights were violated because the disciplinary charges were fabricated or the events simply never occurred, courts have held that a prisoner enjoys no constitutional guarantee to be free from false charges that may lead to punishment.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) and *Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983)).

*Sandin v. Conner*, 515 U.S. 472, 484 (1995). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). An inmate making a due process challenge to confinement in segregation is required to "make a threshold showing that the deprivation of which he complains imposed an 'atypical and significant hardship.'" *Id.* (*quoting Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir. 2000)). *See also Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and

visitation privileges); *Ballinger v. Cedar Cnty.,* 810 F.3d 557, 562-563 (8th Cir. 2016) (finding no atypical hardship where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Driscoll v. Youngman*, 124 F.3d 207 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship); *Beverati v. Smith,* 120 F.3d at 504 (no atypical hardship where claimants' cells "were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above.").

McMullin complains that he lost visitation or phone privileges for one year and was prevented from getting jobs in the prison or joining programs to better himself.  Doc. No. 5 at 5-6.  The loss of visitation or phone privileges does not amount to an atypical and significant hardship.  *See Smith v. McKinney*, *supra; Ballinger v. Cedar Cnty., supra.* Further, prisoners have no liberty interest in a particular job assignment or participation in prison programs.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding prisoner had no constitutional right to a particular prison job); *Persechini v. Callaway,* 651 F.3d 802, 807 (8th Cir. 2011) ("[D]enying or terminating drug abuse treatment, like denial or termination of other discretionary prison programs, does not result in either an atypical or a significant hardship in relation to the remainder of the prison population.").

McMullin also claims that the conditions in punitive isolation differed from general population because the vents were open to the outside area, causing the temperature to be the same as outside. Doc. No. 5 at 6. He does not claim it was particularly cold or hot, or otherwise describe why exposure to the outside temperature would constitute an atypical and significant hardship. McMullin also fails to describe sufficient facts to indicate he was subjected to cruel and unusual conditions sufficient to state an Eighth Amendment conditions-of-confinement claim.[2] For these reasons, McMullin fails to describe viable due process claims related to his disciplinary convictions.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1.    McMullin's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted;

2.    Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g); and

---

[2] The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 832 (1970). To prevail on a conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer,* 511 at 834. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, . . . " *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

It is so recommended this 20th day of May, 2026.

_____
UNITED STATES MAGISTRATE JUDGE